**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DEANDRE HOPSON**                                                                                      **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:12CV-744-M**

**COMMONWEALTH ATTORNEY'S OFFICE** *et al.*                 **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff, DeAnDre Hopson, proceeding *pro se*, *in forma pauperis* has filed a complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I.**

      Plaintiff brings this action against the following thirteen Defendants: 1) Commonwealth Attorney's Office; 2) Attorney General; 3) Benny Berry; 4) Benny Lightsey; 5) FBI; 6) Gary Huffman; 7) Micheal Smithers; 8) Police Department; 9) Denetra Hopson; 10) Domestic Violence Unit; 11) Secret Service; 12) Department of Justice; and 13) Ruth Spencer.[1] He states that he brings this action pursuant to "Federal Domestic Violation law. Interstate Stalking 18 U.S.C. 2261A." The relief Plaintiff seeks from each Defendant is damages for "infliction on extreme emotional Disturbance" in the amount of fifty million dollars, "montenary damages" and punitive damages in the same amount, "Punishing Damages" in the amount of one-hundred

---

[1] Although the caption of the complaint appears to include Ruth Spencer as a Plaintiff, she is referred to in the text of the complaint as "Defendent Ruth Spencer," most of the allegations in the complaint are about wrongful actions on her part, and she did not sign the complaint. For these reasons, the Court considers her to be a named Defendant rather than a Plaintiff in this action.

million dollars, "medical expenses past and Future" in the amount of ten million dollars, and "recovery of Attorney Fees" in the amount of five million dollars.

Plaintiff begins his complaint by stating, "Comes DeAndre Hopson, who Resides in Louisville Kentucky on Federal Domestic violation law. Interstate Stalking 18 U.S.C 2261A. Defendent Ruth Spencer is Also A Resident of Louisville Kentucky And is in violation of 18 USC 2261A. Depriveing us of color of life. Cause of Action with Domestic violence unit." Plaintiff continues in his complaint by defining some "federal crime[s]" including 18 U.S.C. § 2261(A), 18 U.S.C. "§ 2262(A)1,"[2] and 18 U.S.C. § 922(g)(8). After describing the federal crimes, Plaintiff describes incidents involving Defendant Ruth Ann Spencer. He states as follows:

> Ruth Ann is in violations, of Federal violations of stalking A person with intent to injure DeAnDre Hopson to <u>Atlanta Georgia</u>, were Ruth Ann was in complete knowledge of reporting Hopson's Medical Hospital visited, in complete conspiracy of Reporting location and were About so Defendent Benny Berry woulD gain information of what Doctors and people treating Hopson would get A call to reFuse Hopson treatment For Emergency Medical Service For two major surgery's, so Ruth Ann Spencer would not Be caught For All ready setteling De'AnDre Hopson Medical Claim, Insurance Fraud pulled off, By Attorney Sam Aguair Law Office, Also Richard Blain, At State Farm Insurance Company were Hopson's Medical coverage was suppose to Be coved By, But was illegally setteled By Ruth Spencer And Sam Aguair law Firm.
>
> Ruth Ann Spencer Had Full intestion to make Hopson suffer to steal Insurance Claim, which Had Already Been stolen, Also to Avoid Billing to Be made to Kentucky Farm Bureau. These is a sure Act of violence, Also Deciet and Torture.
>
> Same patterns were Done on Hospital visit to <u>Indiana</u> to Ear Mouth and throat Doctor in <u>New Albany</u>. Ruth Ann Again had spyed on me, called and gave information on Location And Doctor Also Hopson was Blockeed Treatment Ruther Spencer Also went to <u>Atlanta Georgia</u>, Again wit me to Baptist East Hospital And

---

[2]Although Plaintiff cites to § 2262(A)(a), the correct citation and the one the Court will use is § 2262(a)(1).

2

visited Dr. Cruz, were I Drove For treatment of surgerys to Face And lung pains. Ruth Spencer Again stalked me and assisted into Helping Defendents on Stageing me not to receive treatment, By reporting my place And locations so I wouldn't get real treatment From Hospitals Only Again to Be Blocked off treatment. Causeing my Torture, pain & suffering, stalking. Suffer extreme emotional Disturbance Infliction.

Ruth Ann Spencer is Also violated <u>Two Domestic</u> violence Orders, in Last three months, to DeAnDre Hopson.

DeAnDre Hopson's two children are in complete Danger Fare As Ruth Spencer is Being Influenced By Benny Berry Also other goverment Offials, as in Detective Gary Hufffman. Also Defendents of civil suit Benny Berry who's Tampering wit a witness under legal process. Also Adam Solinger. To Try And help them Defraud the goverment of A untrue False Claims Act, they obstructed Justice to obtain.

Family courts Division 5# was warned of Activites of Ruth Ann's involement into Rackeetering, Also Federal cases in Western Division of Kentucky, Also Federal cases in Indiana New Albany. Also of threats to kill my children, if I Didn't Drop civil suit, police reports were made to these Allegations to police. Step in Judge For Judge Gerber, Judge Stringer granted me A D.U.O. But gave Back cutody of my children to Ruth Spencer, And she wasn't present At these court Hearing to even Deny these allegations. 2 C.P.S cases were told to Judge of Family courts of Dangers in past, Also she has a son with her Father, they would Dare give custody too knowing her present and past History. Also her involement with these Rackeeters. Legal Kiddnapping, useing children For Federal Extortion plot. Tampering wit a witness under legal process Also Intimadation.

Ruth Spencer Has little schooling, wit less than a 9th Grade Education Also Mother passed Away 2 years Ago, And Father of Ruth Ann put Her inside of A Home till she was 18 years old She was scared And easy minipulated to commit crime of Insurance Fraud to be then Black Mailed to contiue criminal Activities.

Next, Plaintiff includes a section of his complaint which he calls "Criminal Activites."

Therein, he lists various wrongs he alleges Ruth Ann Spencer is responsible for. He states as follows:

<u>Ruth Ann</u> is now responsible For <u>Insurance Fraud-Kentucky Farm Burau</u>, <u>Medicade False Claims Act</u>, <u>Insurance Fraud with State Farm Insurance</u>, <u>Insurance Fraud of Trying to Defraud Susan Elder's Unemployment</u> my studio <u>Insurance</u>; <u>Trying to steal my A'one Entertainment Company</u>. <u>Legal Kidnapping of children threating to Harm them if civil suit's not Dropped</u>. <u>Also now Domestic violence stalking violation 2</u>

<u>voilations Harrasment Communications</u>, Accident Badly Injuring A Woman <u>Federal Interstate Stalking,</u> <u>DeF</u>rauding the goverment For Medicaide Fraud. <u>Einsurance Fraud Insurance Children Exploitation</u> threats Acts of killing them <u>Solicatation to murder</u> 37th Stree Death of album comeing out. Album release

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330 *et seq*. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998).

*A. Federal Question*

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff appears to set forth 18 U.S.C. § 2261A (stalking), 18 U.S.C. § 2262(a)(1) (interstate violation of a protective order), and 18 U.S.C. § 922(g)(8) (Brady Act provision) as grounds for this civil action. All of these provisions are federal criminal statutes. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, for a private right of action to exist under a federal criminal statute, "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone" must exist. *Cort v. Ash*, 422 U.S. 66, 79 (1975). Whether a private right of action can be implied from a criminal statute is a question of statutory construction. *AFSCME Local 506 v. Private Indus. Council*, 942 F.2d 376, 378 (6th Cir. 1991).

Plaintiff appears to primarily rely upon 18 U.S.C. § 2261A to invoke the jurisdiction of this Court. It is clear that § 2261A does not provide for a private cause of action or civil remedies. *See Jacobus v. Huerta*, No. 3:12-CV-02032, 2013 WL 673233, at *12 (S.D.W. Va. Feb. 22, 2013) (concluding that there is no private cause of action under 18 U.S.C. § 2261A); *Kruska v. Perverted Justice Found. Inc.*, No. CV 08-0054-PHX-SMM, 2009 WL 321146, at *4 (D. Ariz. Feb. 6, 2009) (stating that "the statute [18 U.S.C. § 2261A] provides no private right of action for a violation"); *Fox v. Tippetts*, No. 2:09 CV 00485, 2009 WL 3790173, at *4 (W.D. La. Nov. 10, 2009) (finding that 18 U.S.C. § 2261A does "not provide for a private right of action").

Plaintiff also refers to 18 U.S.C. § 2262(a)(1) in his complaint. The violation of a federal criminal statute rarely allows for a private civil cause of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15 (1979). Where the Supreme Court has inferred a private right of action under a criminal statute, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp. v. Brown*, 441 U.S. at 316 (citation omitted). There is nothing in § 2262(a)(1) that would lead to such a conclusion. Violations of § 2262(a)(1) are criminal offenses. Congress specifically set forth that violations of § 2262(a)(1) are punishable by imprisonment or fines or both. "[I]t is highly improbable that 'Congress absentmindedly forgot to mention an intended private action.'" *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. at 20 (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 742 (1979) (Powell, J., dissenting)). The statute is nothing more than a "bare criminal statute." *Cort v. Ash*, 422 U.S. at 79. Furthermore, in enacting § 2262(a)(1), Congress was concerned with closing "loopholes created by the division of criminal law

6

responsibilities among the States," S. REP. NO. 101-545, at 39 (1990), and was responding to the interstate nature of domestic violence which "transcends the abilities of State law enforcement agencies." S. REP. NO. 103-138, at 2 (1993). There is no indication that Congress intended to create a private cause of action under 18 U.S.C. § 2262(a)(1).

Finally, Plaintiff refers to 18 U.S.C. § 922(g)(8) in his complaint in an apparent attempt to invoke this Court's jurisdiction. Again, this statute fails to provide Plaintiff with a private cause of action. *See Bannerman v. Mountain State Pawn, Inc.*, No. 3:10-CV-46, 2010 WL 9103469, at *7 (N.D.W. Va. Nov. 5, 2010) (concluding that "[t]he language, legislative history, and purpose of § 922 do not create a substantive federal right of the plaintiffs to recover damages from the defendant"); *Starr v. Price*, 385 F. Supp. 2d 502, 512-13 (M.D. Pa. 2005) (finding "that 18 U.S.C. § 922 does not create a substantive right").

Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### B. Diversity

To the extent that Plaintiff may be seeking to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, his action fails. Title 28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). While Plaintiff alleges an amount in controversy that exceeds the statutory requirement, he does not demonstrate that his citizenship is different from all of the named Defendants. In fact,

Plaintiff clearly states in his complaint that both he and "Defendant Ruth Spencer" are both residents of Kentucky. Plaintiff fails to invoke this Court's diversity jurisdiction.

### C. Rule 12(b)(1)

Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's allegations meet this standard.

For these reasons, the Court will dismiss this action by separate Order.

Date: March 29, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4414.003